Donny K. Samporna (SBN 316456)
donny.samporna@hglaw.com
**HALEY GUILIANO LLP**
2466 Palace Dr.
San Diego, CA 92123
Tel: (669) 213-1080 – Fax: (669) 500-7375

Brian N. Platt (*pro hac vice* forthcoming)
bplatt@wnlaw.com
Collin Hansen (*pro hac vice* forthcoming)
chansen@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Akerson*
*Enterprises, LLC dba Kindred Bravely*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKERSON ENTERPRISES, LLC dba KINDRED BRAVELY,<br><br>    *Plaintiff*,<br><br>vs.<br><br>NYSSA CARE, INC.<br><br>    *Defendant*. | Case No: **'23 CV 0492 BEN MSB**<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, DECLARATORY JUDGMENT OF PATENT INVALIDITY, DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT, TORTIOUS INTERFERENCE, AND UNFAIR COMPETITION<br><br>JURY TRIAL DEMANDED |

ORIGINAL COMPLAINT

Plaintiff Akerson Enterprises, LLC dba Kindred Bravely ("Kindred Bravely"), for its complaint against Defendant Nyssa Care, Inc. ("Nyssa"), hereby alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff Kindred Bravely brings this action for a declaration that it does not infringe U.S. Design Patent No. D935,735 (the "'D735 Patent," attached as Exhibit A) and for a declaration that the 'D735 Patent is invalid.  In addition, Kindred Bravely seeks a declaration that its product photos and marketing photos do not infringe Nyssa copyrights in its product photos and marketing photos.

2.     Defendant Nyssa has repeatedly and wrongfully claimed that Kindred Bravely infringes its patent and copyrights.  Nyssa made these allegations to Kindred Bravely's business partners and investors in bad faith and with the intent of harming Kindred Bravely's California-based business. Accordingly, Kindred Bravely also asserts claims for unfair competition and tortious interference with a contractual relationship.

## THE PARTIES

3.     Plaintiff Kindred Bravely is a California limited liability corporation with a principal place of business at 3913 Oceanic Drive Suite 502, Oceanside, California. Kindred Bravely is a women's apparel company that specializes in comfortable and stylish clothing for pregnant and nursing mothers.

4.     Defendant Nyssa Care, Inc. is a Delaware corporation with a principal place of business at 3953 W. Armitage, Chicago, Illinois. Nyssa provides clothing and undergarments for women and competes with Kindred Bravely for product sales in the State of California. On information and belief, Nyssa sells the products at issue in this Complaint to customers in the State of California.

## JURISDICTION AND VENUE

5.     This is an action for declaratory judgment of patent non-infringement and patent invalidity arising under the patent laws of the United States, 35 U.S.C.

ORIGINAL COMPLAINT

- 1 -

§§ 1 *et seq.* Plaintiff also seeks declaratory judgment of copyright non-infringement and asserts related claims for tortious interference and unfair competition. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (patents, copyrights, trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.     This Court has personal jurisdiction over Nyssa because Nyssa has purposefully directed its conduct at Kindred Bravely in California and this District, and expressly targeted the consequences of its actions at Kindred Bravely in California and this District. For example, in an attempt to interfere with the business of Kindred Bravely, Nyssa sent correspondence to Kindred Bravely in this District containing allegations of patent infringement of the 'D735 Patent. *See* Exhibit B at 2-3. In addition, knowing that Kindred Bravely resided in this District, in the same correspondence Nyssa sent allegations that Kindred Bravely infringed the copyright in various photographs of Nyssa products. *See* Exhibit B at 3-7.

7.     Nyssa further targeted Kindred Bravely in California with other conduct, expressly aiming the consequences of its actions at Kindred Bravely in California and this District. For example, Nyssa also sent correspondence alleging infringement of the 'D735 Patent, and infringement of copyright in various photographs of Nyssa products, to Kindred Bravely investors in the State of New York. *See* Exhibit B. Nyssa took such actions against Kindred Bravely in an attempt to gain leverage in settlement negotiations regarding its frivolous claims and intended for its actions to have consequences for Kindred Bravely in California and in this District.

8.     Nyssa further targeted Kindred Bravely in California by attempting to disable Kindred Bravely's online website presence in California and elsewhere by submitting the same frivolous allegations of patent infringement of the 'D735 Patent to Shopify, Inc. *See* Exhibit C. On information and belief, Shopify attorneys and staff are located in the State of California.  Nyssa's interference with Kindred

ORIGINAL COMPLAINT

Bravely's online website presence caused harm to Kindred Bravely in California, forcing Kindred Bravely to retain outside litigation attorneys and incur expenses in California to respond to Nyssa's frivolous allegations.

9. Nyssa further targeted Kindred Bravely in California by filing online Complaints for patent infringement of the 'D735 Patent with Amazon.com regarding numerous Kindred Bravely Amazon listings ("ASINs") that are available to customers in California. Nyssa's interference with Kindred Bravely's Amazon listings was successful, causing Amazon to disable numerous ASINs for Kindred Bravely products. *See* Exhibit D. On information and belief, Amazon attorneys and staff are located in the State of California. Nyssa's interference with Kindred Bravely's Amazon listings caused harm to Kindred Bravely in the form of lost sales and lost goodwill and forced Kindred Bravely to retain outside litigation attorneys and incur expenses in California to respond to Nyssa's frivolous allegations. Nyssa's actions caused decreased sales and adversely impacted Kindred Bravely's revenues and profits in California.

10. Nyssa products that compete with Kindred Bravely are sold through Nyssa's website and through Amazon. Nyssa makes its products available to California residents. On information and belief, Nyssa ships the same products that are at issue in this litigation directly to customers in the State of California and in this District.

11. Through its actions, Nyssa competes unfairly with Kindred Bravely in California in violation of the Unfair Competition Law of California. This Court has personal jurisdiction over Nyssa because it has purposefully directed its conduct at Kindred Bravely in California and this District and has expressly targeted Kindred Bravely in California with the consequences of its wrongful acts with the knowledge and intent that the consequences of such acts would be felt by Kindred Bravely in the State of California.

ORIGINAL COMPLAINT

12. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action relating to copyright. This Court has subject matter jurisdiction over Kindred Bravely's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Kindred Bravely and Nyssa with respect to whether Kindred Bravely's products infringe the 'D735 Patent and whether the 'D735 Patent is invalid.

13. This Court has supplemental jurisdiction over Kindred Bravely's claims of tortious interference and unfair competition under 28 U.S.C. § 1367 because those claims relate to the same operative nucleus of fact as Kindred Bravely's claims for declaratory judgment of non-infringement and invalidity of the 'D735 Patent.

14. Venue is proper in this District under the provisions of 28 U.S.C. § 1391(b) because, as noted above, Nyssa is a resident in this judicial district under 28 U.S.C. § 1391(c)(2) ("an entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction . . . .") and because a substantial part of the events giving rise to the claims in this litigation occurred in this judicial district.

## **BACKGROUND**

15. Kindred Bravely is a women's apparel company that specializes in comfortable and stylish clothing for pregnant and nursing mothers. Kindred Bravely was founded in 2015 by Deeanne Akerson, with a mission to provide maternity and nursing clothes that were not only comfortable and functional but also stylish and beautiful.

16. Deeanne Akerson's inspiration for starting Kindred Bravely came from her own experiences as a mother, when she struggled to find clothing that fit well and accommodated her changing body.

ORIGINAL COMPLAINT

- 4 -

17.    After giving birth to her second child, Deeanne realized that there was a gap in the market for maternity and nursing clothing that prioritized both comfort and style.  She was determined to create a brand that would cater to the needs of new mothers, providing them with clothing that would not only make them feel comfortable and supported but also confident and beautiful.

18.    With a background in marketing and a deep understanding of the challenges faced by new mothers, Deeanne set out to create a brand that would fill this gap in the market.  Through extensive research, she designed Kindred Bravely's first line of products, which quickly gained popularity among expecting and nursing mothers.

19.    Kindred Bravely has grown and become a leading brand in the maternity and nursing clothing market, known for its high-quality products and commitment to social responsibility.

20.    In July 2022, Kindred Bravely launched a new line of women's undergarments designed specifically for postpartum.  The new product was called the Fourth Trimester Postpartum Panty ("FTPP") and featured multiple hot or cold gel packs that could be used with the panty to provide soothing relief to new mothers.  The FTPP features three "pockets" that can receive the hot or cold gel packs.

21.    FTPP products were sold on Amazon.com and on Kindred Bravely's own website at www.KindredBravely.com. The FTPP product is depicted below:

ORIGINAL COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13



14    https://www.kindredbravely.com/products/
15    soothing-fourth-trimester-panty-with-gel-packs-black

16    22.    Defendant Nyssa competes with Kindred Bravely. Nyssa sells products
17    for women including products for postpartum recovery and period comfort.

18    23.    Beginning in November 2022, Nyssa began a systematic campaign to
19    interfere with Kindred Bravely sales operations for its FTPP products.

20    24.    Nyssa claims ownership of U.S. Design Patent No. D935,735 (the
21    "'D735 Patent"), which claims an ornamental design for a therapeutic undergarment.
22    *See* Exhibit A.

23    25.    Nyssa's intellectual property claims to online retailers caused
24    interference in Kindred Bravely's sales operations, including Shopify Inc.
25    ("Shopify") and Amazon.com, Inc. ("Amazon").

26    26.    Kindred Bravely's online website www.KindredBravely.com is hosted
27    by the online ecommerce platform Shopify.

28

ORIGINAL COMPLAINT

27. On November 15, 2022, Nyssa sent correspondence to Shopify alleging that Kindred Bravely's FTPP infringed the 'D735 Patent. *See* Exhibit C.

28. Nyssa's interference with Kindred Bravely's online website presence caused harm to Kindred Bravely in California, forcing Kindred Bravely to retain outside litigation attorneys and incur expenses in California to respond to Nyssa's frivolous allegations.

29. Although Nyssa sent this correspondence to Shopify, it stated that a copy would be sent to Kindred Bravely in California (*see* Exhibit C at 2) and intended for the effect of its action to be felt in California and targeted Kindred Bravely in California.

30. Kindred Bravely also sells its FTPP products through product listings that are hosted by Amazon.com.

31. On or about November 29, 2022, Nyssa filed multiple complaints for patent infringement against several Kindred Bravely Amazon product listings for its FTPP products including ASINs B0B81GK7W5, B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV. *See* Exhibit D.

32. Although Nyssa sent this correspondence to Amazon, it intended for the effect of its action to be felt in California and individually targeted Kindred Bravely in this District.

33. Nyssa's multiple complaints caused Amazon to disable Kindred Bravely's product listings for its FTPP products listed for sale at ASINs B0B81GK7W5, B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV. This caused financial harm to Kindred Bravely in this District through lost sales and by forcing Kindred Bravely to retain outside litigation attorneys and incur expenses in California and this District to respond to Nyssa's frivolous allegations.

34. On or about December 7, 2022, Nyssa also sought to interfere with Kindred Bravely's relationship with its investors and sent correspondence outlining frivolous claims of patent and copyright infringement to TZP Group LLC in New

ORIGINAL COMPLAINT
- 7 -

York in December 2022. Although Nyssa sent this correspondence to New York, it intended for the effect of its action to be felt in this District and individually targeted Kindred Bravely in California and this District. *See* Exhibit B.

35.   Also on December 7, 2022, Nyssa began directly threatening Kindred Bravely in California with frivolous allegations of patent infringement of the 'D735 Patent and of various product-related images of Nyssa products. *See* Exhibit B.

36.   Nyssa alleged in its correspondence that the ornamental design of Kindred Bravely's FTPP product infringed the claimed design of the 'D735 Patent.

37.   The claimed design of the 'D735 Patent contains only functional aspects which are not entitled to design patent protection.  A design patent that contains functional elements is "limited to the ornamental aspects of the design, and does not extend to the broader general design concept."  *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1332 (Fed. Cir. 2015).

38.   Design patent law "only protects the ornamental aspects of the design." *Oddzon Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997). Nyssa highlights the functional aspects of the 'D735 Patent in its marketing materials, as shown below.





https://nyssacare.com/products/fourthwear-underwear.

ORIGINAL COMPLAINT

39.    Figure 4 of the 'D735 Patent highlights the functional aspects of Nyssa's claimed ornamental design:



*Fig.4*

40.    Figure 8 of the 'D735 Patent highlights the functional aspects of Nyssa's claimed ornamental design:



*Fig.8*

41.    Nyssa's marketing materials highlight the functional aspects of Nyssa's claimed ornamental design for the 'D735 Patent:

- "Front opening allows for insertion and placement of an ice/heat pack (any brand, up to 6" wide) over the vaginal/perineal area or a cesarean incision site."

- "Widened gusset keeps oversized maternity pads in place."

1
2

- "Super stretchy, virtually seamless fabric accommodates changing bodies and provides comfort during a time of heightened sensitivity."

3

- "belly hugging underwear"

4

- "[s]mooth and seamless in all the right places"

5

- "dual-layer, 360 pocket design to securely hold ice or heat therapy"

6
7
8
9
10
11
12

*See* Introducing Fourthwear™ Underwear, PRWeb, ("Nyssa PRWeb") available at https://www.prweb.com/releases/female_led_start_up_launches_ nyssa_a_new_wellbeing_company_supporting_women_during_times_of_physical _emotional_transformation/prweb16564096.htm; FourthWear Ice & Heat Postpartum Recovery Underwear, available at https://nyssacare.com/products/fourthwear-underwear.  Nyssa also markets its FourthWear Postpartum Recovery Underwear as "functional":

13
14

- "Nyssa Fourthwear" is "**highly functional**, empathetically designed underwear for comfort during the Fourth Trimester."

15
16

- "**Highly functional**, Fourthwear™ is designed to be a harder working, aesthetically pleasing alternative."

17
18
19

- "For vaginal recoveries, FourthWear provides a widened gusset to accommodate large postpartum pads . . . . For c-section recoveries, FourthWear provides the **same functionality**."

20
21

- "[T]he **lack of functionality** and inadequacy of mesh undies is exactly why Nyssa's founders created FourthWear."

22
23
24
25
26
27
28

*See* Nyssa PRWeb; Nyssa Facebook advertisement, available at: https://www.facebook.com/nyssacare/posts/we-are-so-close-to-launching-nyssa- fourthwear-highly-functional-empathetically-d/644483282734327/; FourthWear Ice & Heat Postpartum Recovery Underwear, available at: https://nyssacare.com/products/fourthwear-underwear/; Postpartum Underwear: What They Are And How To Use Them, available at https://nyssacare.com/blogs/the-loudspeaker/what-are-postpartum-underwear.

ORIGINAL COMPLAINT

42.     In a 2020 interview, Eden Laurin, the named co-inventor of the 'D735 Patent and Chief Executive Officer and co-founder at Nyssa, stated that Nyssa's "FourthWear" products fall under their "**functional** apparel" line. She singled out Nyssa's "FourthWear Postpartum Recovery Underwear" and emphasized that it "is designed to hold ice and heat packs securely in place after a vaginal or cesarean delivery." *See* Kira Bucca, *Women's Health & Sustainability? Hello Nyssa!*, Jejune Magazine (Dec. 18, 2020), https://www.jejunemagazine.com/home/nyssa.

43.     In a 2022 article, Mia Clarke, co-inventor of the 'D735 Patent and Chief Content and Communications Officer and co-founder at Nyssa, wrote that the "FourthWear Postpartum Recovery Underwear" was designed "to ensure that the next wave of people giving birth had access to a **more functional** and therapeutic option than the free mesh hospital." *See* Sara Adm, *My vagina tore during delivery. Here's what I wish I had known before it happened.*, GWN (Sept. 27, 2022), https://goodwordnews.com/my-vagina-tore-during-delivery-heres-what-i-wish-i-had-known-before-it-happened.

44.     Mia Clarke also hosts an official podcast for Nyssa called "The Unmentionables." In a 2019 episode, she included an advertisement for "FourthWear Postpartum Recovery Underwear," stating that it "features a simple but pretty revolutionary **function** in that it allows you to insert an ice or heat pack through the front opening and keep it secure anywhere within the garment depending on your postpartum recovery needs." *See Nyssa: The Unmentionables: Mothering in the Age of Social Media with Prof. Bethany Johnson & Dr. Margaret Quinlan*, Stitcher (October 18, 2019), https://www.stitcher.com/show/nyssa-the-unmentionables/episode/mothering-in-the-age-of-social-media-with-prof-bethany-johnson-dr-margaret-quinlan-64724298 (*see* time index 0:49).

45.     In a more recent interview in 2022, Mia Clarke stated that "Fourthwear underwear . . . is **inherently functional**, right? The fact that you can insert that ice pack into the garment and have it stay in place . . . ." *See A Thing or Two with Claire*

ORIGINAL COMPLAINT

*and Erica: Thingies and "Unmentionables" with Mia Clarke and Eden Laurin of Nyssa*, Audacy (Mar. 24, 2022), https://www.audacy.com/podcasts/a-thing-or-two-with-claire-and-erica-55320/thingies-and-unmentionables-with-mia-clarke-and-eden-laurin-of-nyssa-1322955875 (*see* time index 18:41).

46. In a 2019 video interview, Aubrey Howard, listed co-inventor of the 'D735 Patent and Chief Marketing Officer and co-founder at Nyssa, performed a demonstration with the FourthWear Postpartum Recovery Underwear and stated that "the most important **and functional** part of FourthWear is this slot [referencing the slot in the underwear for inserting ice packs]."



"the most important and functional part of FourthWear is this slot"

*See CBS Chicago: Three Moms Launch Nyssa to Improve Postpartum Care For New Mothers*, YouTube (Sept. 20, 2019) https://www.youtube.com/watch?v=Ip3yQHbwqs0 (*see* time index 1:18).

47. In another 2019 interview, Aubrey Howard also stated that "**highly functional** below-the-belt options designed to provide comfort during postpartum recovery have been non-existent . . . until now," referring to the FourthWear underwear. *See* Nyssa PRWeb.

48. All three listed co-inventors of the 'D735 Patent, who are also C-Suite executives and co-founders at Nyssa, have repeatedly and publicly claimed that Nyssa's FourthWear underwear is functional, specifically highlighting the overall

ORIGINAL COMPLAINT

shape, the front slot, and the ability to hold ice and heat packs securely. Nyssa cannot now, in good faith, claim that these aspects are *not* functional.

49. To the extent there are protectable elements of Nyssa's 'D735 Patent, the ornamental aspects of Kindred Bravely's FTPP are substantially different from the claimed ornamental design of Nyssa's 'D735 Patent, as shown below:






50.     Prior art references disclosing functionality and designs similar to the 'D735 Patent for therapeutic underwear with a horizontal front opening to access and insert a therapeutic hot or cold pack were widely known in the art before the filing date of the 'D735 Patent.  Examples of such prior art are shown below:



ORIGINAL COMPLAINT

- 14 -



| Prior Art | Figures – 'D735 Patent |
|---|---|
| **US Patent Application Publication US 20050090795 (Publication date Apr 28, 2005)** | (Filing date Sep 18, 2019) |
| FIG. 1 | *Fig.4* |
| **US Patent Application Publication US 20080010716 (Publication date Jan 17, 2018)** | (Filing date Sep 18, 2019) |

| Prior Art | Figures – 'D735 Patent |
|---|---|
| FIG. 3 | *Fig.4* |
| **US Patent Application Publication US 20080010716 (Publication date Jan 17, 2018)** | (Filing date Sep 18, 2019) |

ORIGINAL COMPLAINT



**Snowballs – Cooling underwear for men**
**https://www.snowballsunderwear.com/**
**(Publication date Aug 1, 2018)**



(Filing date Sep 18, 2019)



**Korean Patent App. No. 20150000806U**
**"Functional ice briefs for men"**
**(Publication date February 25, 2015)**



(Filing date Sep 18, 2019)

ORIGINAL COMPLAINT

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14




**Taiwan Patent App. No. M445524U1
"Postpartum ice pack panties"
(Publication date February 11, 2013)**

(Filing date Sep 18, 2019)

15
16
17
18
19
20
21
22
23
24
25
26
27
28




**Taiwan Patent App. No. M481615U
"Disposable ice pack underpants"
(Publication date July 11, 2014)**

(Filing date Sep 18, 2019)

ORIGINAL COMPLAINT

51.     Nyssa failed to disclose these prior art references to the USPTO when it filed the application for the 'D735 Patent and there is no record that they were ever considered by the examiner.

52.     Nyssa's public statements regarding its Fourthwear Underwear similarly fail to acknowledge the significance of prior art products.  For example, Nyssa CEO, co-founder, and listed co-patentee of the 'D735 Patent Eden Laurin, stated in an interview that "Fourthwear Underwear . . . is actually the first underwear to exist that holds ice and heat anywhere in the garment." *See How a Gap in the Market Gave Birth to a Movement – Nyssa Fourthwear*, Handmade CEO Podcast (May 13, 2020), https://handmadeceo.com/how-a-gap-in-the-market-gave-birth-to-a-movement-nyssa-fourthwear/ (*see* time index 8:08). This statement is false. A simple internet search for "ice pack underwear" reveals dozens of other underwear products that can hold ice and heat, many of which preceded the FourthWear product (including the prior art results listed above).  The 'D735 Patent is invalid in view of these prior art references because a hypothetical ordinary observer would have purchased one supposing it to be the other.  *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).

53.     Nyssa's allegations of patent infringement were made in bad faith, both objectively and subjectively.  From an objective perspective, no patent owner of the 'D735 Patent could reasonably conclude that the ornamental aspects of the 'D735 Patent were infringed by the completely different design of Kindred Bravely's FTPP product, as depicted below:

| Kindred Bravely FTPP | Figures – 'D735 Patent |
|---|---|
|  |  |

Fig.4

54.   At the time of its patent assertion, Nyssa knew that the ornamental design of the 'D735 Patent was primarily functional because it had previously filed a utility patent application, published as WO 2020/206122 A1, which claims the alleged functional aspects of the 'D735 Patent (*see* Exhibit E) and because each of the three listed co-inventors of the 'D735 Patent, also chief executives and co-founders at Nyssa, publicly described these same aspects as "functional" (*see* ¶¶ 41-49, *supra*).  As such, no patent owner of the 'D735 Patent would reasonably conclude that the design elements of the 'D735 Patent were not primarily functional.  At the time of its patent assertion, Nyssa understood that its assertion of the 'D735 Patent against the Kindred Bravely FTPP was objectively unreasonable.  As such, Nyssa's assertion of the 'D735 Patent was both objectively and subjectively unreasonable because the purported ornamental design of the 'D735 Patent was primarily functional.

ORIGINAL COMPLAINT

55.     In addition, Nyssa's assertion of the 'D735 Patent was unreasonable for a second reason: any non-functional elements of the 'D735 Patent were substantially different from Kindred Bravely's FTPP product, including at least (a) the shape of the opening for the heating or cooling pack, (b) the location of the opening for the heating or cooling back, and (c) the shape of the FTPP product itself.  As such, no patent owner of the 'D735 Patent would reasonably conclude that the design elements of the 'D735 Patent, particularly in view of the prior art, were such that "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs *are substantially the same*, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other . . . ." *See Egyptian Goddess v. Swisa*, 543 F.3d 665, 670 (Fed. Cir. 2008).  At the time of its patent assertion, Nyssa understood that its assertion of the 'D735 Patent against the Kindred Bravely FTPP was objectively unreasonable because the designs were substantially different.  As such, Nyssa's assertion of the 'D735 Patent was both objectively and subjectively unreasonable because the purported ornamental design of the 'D735 Patent was primarily functional.

56.     At the same time, Defendant Nyssa also alleged to Kindred Bravely and its investors that certain Kindred Bravely product images infringe the Defendant's copyright. *See* Exhibit B at 3-7. Nyssa provided the following image comparison to support its allegation that Kindred Bravely infringed its copyrighted images:

| Nyssa Photograph | Kindred Bravely Photograph |
|---|---|
|  |  |
|  |  |
|  |  |

ORIGINAL COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Nyssa Photograph | Kindred Bravely Photograph |
| --- | --- |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Nyssa Photograph | Kindred Bravely Photograph |
|---|---|
| <br> | <br> |

57.   Copyright law does not protect ideas.  And "when similar features of a work are as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright." *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006, 1444 (N.D. Cal. 1992).

58.   Copyright "does not extend to the subject matter of the image itself" but merely covers the unique expression of the subject matter. *Gentieu v. Tony Stone Images*, 255 F. Supp. 2d 838, 849 (N.D. Ill. 2003); *see also Eagle Access v. USA Power*, No. CV 07-3789, 2008 WL 11334485, at *6 (C.D. Cal. Dec. 18, 2008) ("If

ORIGINAL COMPLAINT

- 24 -

1    purported copyright holders could assert a copyright in the underlying subject of the
2    photograph and claim infringement for depicting a similar object in another's
3    photograph, this would severely limit the ability of individuals to photograph at
4    all.").

5        59.    Where "technical or conceptual constraints limit the available ways to
6    express an idea . . . copyright law will abhor only a virtually identical copy of the
7    original." *Apple Computer*, 799 F. Supp. at 1444. There is no allegation that Kindred
8    Bravely made a "virtually identical copy of the original" with regard to any of
9    Nyssa's product photos, nor has Nyssa alleged that such product photos are virtually
10   identical.   Nyssa merely alleges that the works are "substantially similar." *See*
11   Exhibit B at 7.

12       60.    Any substantially similar ideas or elements are not entitled to
13   protection: "when similar features of a work are as a practical matter indispensable,
14   or at least standard, in the treatment of a given idea, they are treated like ideas and
15   are therefore not protected by copyright." *Apple Computer*, 799 F. Supp. at 1444.;
16   *see also Durham Indus. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir. 1980) ("It follows
17   that where the protected work and the accused work express the **same idea**, the
18   similarity that inevitably stems solely from the **commonality of the subject matter**
19   is not proof of unlawful copying.") (emphasis added).

20       61.    "When we apply the limiting doctrines, subtracting the unoriginal
21   elements, [plaintiff] is left with only a 'thin' copyright, which protects against only
22   virtually identical copying. *Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 765 (9th
23   Cir. 2003).  Nyssa is entitled to only a "thin" copyright in its asserted photos.

24       62.    Kindred Bravely has not made "virtually identical" copies of any of
25   Nyssa's photographs and any similarities stem from "the commonality of the subject
26   matter"—which is not protectible expression.

27

28

ORIGINAL COMPLAINT

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### U.S. Design Patent No. D935,735

63.   Kindred Bravely incorporates by reference and re-alleges paragraphs 1-62 as if fully set forth herein.

64.   Aubrey Howard, Eden Laurin, and Mia Clarke are the inventors of the 'D735 Patent. *See* Exhibit A.

65.   Nyssa Care, Inc. is the owner of the 'D735 Patent by assignment. *See* Exhibit A.

66.   The Kindred Bravely FTPP does not infringe the 'D735 Patent because the two designs, as illustrated below, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives," are not "substantially the same," such that a purchaser would "purchase one supposing it to be the other . . . ." *See Egyptian Goddess v. Swisa*, 543 F.3d 665, 670 (Fed. Cir. 2008).



67.   The design of the Kindred Bravely FTPP and the 'D735 Patent are not substantially the same at least for the following reasons:

ORIGINAL COMPLAINT

- 26 -

a.     The proportions and height of the Kindred Bravely FTPP undergarment are substantially different from the design of the 'D735 Patent;

b.     The top horizontal front opening of the Kindred Bravely FTPP is merely a "slit" in the fabric and is substantially different from the "gapped" front opening in the design of the 'D735 Patent;

c.     The Kindred Bravely FTPP also has a bottom horizontal slit that is not present at all in the design of the 'D735 Patent; and

d.     The location of the horizontal openings of the Kindred Bravely FTPP is substantially higher on the garment than the location of the "gapped" front opening in the design of the 'D735 Patent.

68.    Kindred Bravely is entitled to a declaratory judgment that its Accused Products do not infringe the 'D735 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY
### U.S. Design Patent No. D935,735

69.    Kindred Bravely incorporates by reference and re-alleges paragraphs 1-68 as if fully set forth herein.

70.    Aubrey Howard, Eden Laurin, and Mia Clarke are the listed inventors of the 'D735 Patent. *See* Exhibit A.

71.    Nyssa Care, Inc. is the owner of the 'D735 Patent by assignment. *See* Exhibit A.

72.    The 'D735 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, and is invalid in view of the prior art including but not limited to the following exemplary prior art references.

| Prior Art | Figures – 'D735 Patent |
|---|---|
|  US Patent Application Publication US 20050090795 (Publication date Apr 28, 2005) |  (Filing date Sep 18, 2019) |
|  FIG. 1 US Patent Application Publication US 20080010716 (Publication date Jan 17, 2018) |  *Fig.4* (Filing date Sep 18, 2019) |

ORIGINAL COMPLAINT

| Prior Art | Figures – 'D735 Patent |
|---|---|
|  FIG. 3 **US Patent Application Publication US 20080010716 (Publication date Jan 17, 2018)** |  *Fig.4* (Filing date Sep 18, 2019) |
|  FIG. 3 **US Patent Application Publication US 20080010716 (Publication date Jan 17, 2018)** |  *Fig.4* (Filing date Sep 18, 2019) |

ORIGINAL COMPLAINT

| Prior Art | Figures – 'D735 Patent |
|---|---|
|   |  |

| **Snowballs – Cooling underwear for men https://www.snowballsunderwear.com/ (Publication date Aug 1, 2018)** | (Filing date Sep 18, 2019) |
| **Korean Patent App. No. 20150000806U "Functional ice briefs for men" (Publication date February 25, 2015)** | (Filing date Sep 18, 2019) |

ORIGINAL COMPLAINT



| Prior Art | Figures – 'D735 Patent |
|---|---|
| **Taiwan Patent App. No. M445524U1** <br> **"Postpartum ice pack panties"** <br> **(Publication date February 11, 2013)** | (Filing date Sep 18, 2019) |
| **Taiwan Patent App. No. M481615U** <br> **"Disposable ice pack underpants"** <br> **(Publication date July 11, 2014)** | (Filing date Sep 18, 2019) |

ORIGINAL COMPLAINT

| Prior Art | Figures – 'D735 Patent |
|---|---|
|  |  |

73.     In addition, the design of the 'D735 Patent is dictated entirely by its function and the patent is therefore invalid.  For example, the shape of the therapeutic undergarment, the opening for an ice or heat pack, and the location of the opening are entirely functional.

74.     Kindred Bravely is entitled to a declaratory judgment that the 'D735 Patent is invalid.

### COUNT III: DECLARATORY JUDGMENT
### OF COPYRIGHT NON-INFRINGEMENT

75.     Kindred Bravely incorporates by reference and re-alleges paragraphs 1-74 as if fully set forth herein.

76.     Nyssa alleges that it owns copyrights in the product photos below. *See also* Exhibit B, at 3-7.

77.     As shown in the table below, Kindred Bravely's product photographs are not "virtually identical" to Nyssa's photographs and any similarity is due to the "commonality of the subject matter" of modeling postpartum underwear with ice packs—not infringement of any of Nyssa's thin copyrights:

| Nyssa Photograph | Kindred Bravely Photograph |
|---|---|
|  |  |

| Nyssa Photograph | Kindred Bravely Photograph |
|---|---|
|  |  |

| Nyssa Photograph | Kindred Bravely Photograph |
|---|---|





1
2
3
4
5
6
7
8
9
10



| Nyssa Photograph | Kindred Bravely Photograph |

11   78.    Kindred Bravely is entitled to a declaration that its product photographs

12  do not infringe on Nyssa's product photographs.

13   **COUNT IV: TORTIOUS INTERFERENCE**

14   79.    Kindred Bravely incorporates by reference and re-alleges paragraphs 1-

15  78 as if fully set forth herein.

16   80.    Before the Defendant's wrongful actions, Kindred Bravely was party

17  to a business relationship with Amazon for the sale of its Kindred Bravely FTPP

18  products.  Through wrongful, malicious, and willful actions, Defendant Nyssa has

19  interfered with Kindred Bravely's contract and business relationship with Amazon.

20   81.    Kindred Bravely's products were sold at Amazon ASINs

21  B0B81GK7W5, B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV

22  pursuant to a valid contractual agreement with Amazon.  *See* Exhibit D.

23   82.    On information and belief, Defendant Nyssa filed one or more

24  complaints with Amazon against Kindred Bravely ASINs B0B81GK7W5,

25  B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV alleging

26  infringement of the 'D735 Patent.  *See* Exhibit D.

27   83.    Defendant Nyssa was aware of Kindred Bravely's business relationship

28  with Amazon and intentionally filed Complaints against the Kindred Bravely ASINs

ORIGINAL COMPLAINT

Case 3:23-cv-00492-BEN-MSB   Document 1   Filed 03/17/23   PageID.38   Page 38 of 41

for the joint purpose of benefitting Nyssa and harming Kindred Bravely.

84.     The Defendant's interference with Kindred Bravely's business relationship with Amazon was intentional in that the Defendant Nyssa targeted Kindred Bravely's product listings on Amazon for its Kindred Bravely FTPP product and related ASINs.

85.     Defendant Nyssa's interference was wrongful and unjustified at least because the 'D735 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of the prior art identified herein; the 'D735 Patent claims a design that is functional; and in the eye of an ordinary observer the Kindred Bravely FTPP product would not infringe the 'D735 Patent because it is substantially different from the claimed design.

86.     Defendant Nyssa's assertion of the 'D735 Patent against Kindred Bravely's FTPP product was an improper means of interfering with Kindred Bravely's contractual relations with Amazon.com.

87.     Defendant Nyssa's interference with Kindred Bravely's business relationships caused substantial reputational harm and economic damages to Kindred Bravely through (a) disabled product listings; (b) lost product sales; (c) reputational damage to its Amazon account; and (d) other damages to the product listings, inventories, and to Kindred Bravely's business.

## COUNT V: CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code § 17200

88.     Kindred Bravely incorporates by reference and re-alleges paragraphs 1-87 as if fully set forth herein.

89.     Before the Defendant's wrongful actions, Kindred Bravely was party to a business relationship with Amazon for the sale of its Kindred Bravely FTPP products.  Through wrongful, malicious, and willful actions, Defendant Nyssa has interfered with Kindred Bravely's contract and business relationship with Amazon.

ORIGINAL COMPLAINT
- 37 -

90.     Kindred Bravely's products were sold at Amazon ASINs B0B81GK7W5, B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV pursuant to a valid contractual agreement with Amazon.  *See* Exhibit D.

91.     On information and belief Defendant Nyssa filed one or more complaints with Amazon against Kindred Bravely ASINs B0B81GK7W5, B0B818YBPF, B0B81C2P2R, B0B8139PTK, and B0B7ZY66CV alleging infringement of the 'D735 Patent.  *See* Exhibit D.

92.     Defendant Nyssa was aware of Kindred Bravely's business relationship with Amazon and intentionally filed Complaints against the Kindred Bravely ASINs for the joint purpose of benefitting Nyssa and harming Kindred Bravely.

93.     The Defendant's interference with Kindred Bravely's business relationship with Amazon was intentional in that the Defendant Nyssa targeted Kindred Bravely's product listings on Amazon for its Kindred Bravely FTPP product and related ASINs.

94.     Defendant Nyssa's interference was wrongful and unjustified at least because the 'D735 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of the prior art identified herein; the 'D735 Patent claims a design that is functional; and in the eye of an ordinary observer the Kindred Bravely FTPP product would not infringe the 'D735 Patent because it is substantially different from the claimed design.

95.     Defendant Nyssa's assertion of the 'D735 Patent against Kindred Bravely's FTPP product was an improper means of interfering with Kindred Bravely's contractual relations with Amazon.com.

96.     Defendant Nyssa's actions were unlawful and unfair and forced Kindred Bravely's FTPP products from the Amazon marketplace.

97.     Defendant Nyssa's interference with Kindred Bravely's business relationships caused substantial reputational harm and economic damages to Kindred Bravely through (a) disabled product listings; (b) lost product sales; (c)

ORIGINAL COMPLAINT

reputational damage to its Amazon account, and (d) other damages to the product listings, inventories, and to Kindred Bravely's business.

## PRAYER FOR RELIEF

WHEREFORE, Kindred Bravely respectfully requests that the Court enter judgment in its favor and against Defendant Nyssa and award the following relief:

A.   A judgment in favor of Kindred Bravely and against Defendant Nyssa declaring that the 'D735 Patent is invalid.

B.   A judgment in favor of Kindred Bravely and against Defendant Nyssa declaring that Kindred Bravely has not and does not infringe the 'D735 Patent.

C.   An order and judgment permanently enjoining Defendant Nyssa and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further acts of wrongful assertion of the 'D735 Patent.

D.   A judgment that this is an exceptional case, pursuant to 35 U.S.C. § 285, together with an award to Kindred Bravely of its reasonable attorneys' fees.

E.   A judgment in favor of Kindred Bravely and against Defendant Nyssa declaring that Kindred Bravely has not and does not infringe any copyright owned by Defendant Nyssa.

F.   A judgment that Defendant Nyssa has tortiously interfered with the contract or business expectancy of Kindred Bravely.

G.   A judgment that Defendant Nyssa has violated Cal. Bus. & Prof. Code § 17200, together with an award of damages.

H.   A judgment awarding Kindred Bravely all damages sustained by Kindred Bravely and/or all gains, profits, and advantages derived by the Defendant Nyssa as a result of its wrongful acts and tortious interference.

I.   A judgment awarding Kindred Bravely punitive damages as a result of the Defendant Nyssa's willful and intentional acts of tortious interference.

ORIGINAL COMPLAINT

1    J.    Such other and further relief as the Court may deem just and proper.

2    **<u>JURY DEMAND</u>**

3    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kindred

4    Bravely demands a trial by jury on all claims and defenses so triable.

5

6    Dated:  March 16, 2023                    Respectfully submitted,

7                                                              HALEY GUILIANO LLP

8
                                                              *and*
9

10                                                            WORKMAN NYDEGGER PC

11                                                            By:  <u>  /s/ Donny Samporna          </u>
12                                                                    Donny K. Samporna

13                                                            *Attorneys for Kindred Bravely, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL COMPLAINT